IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Yu Wang | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:25-cv-09003 |
| | ) | |
| v. | ) | District Judge Jeremy C. Daniel |
| | ) | |
| The Partnerships and | ) | Magistrate Judge Beth W. Jantz |
| Unincorporated Associations | ) | |
| Identified on Schedule "A", | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF JOINDER**

Pursuant to the Court's Minute Order [Dkt. 7], Plaintiff, Yu Wang ("Plaintiff"), submits this Memorandum in support to demonstrate that permissive joinder of the Defendants in this case is both appropriate and necessary pursuant to Fed. R. Civ. P. 20.

### I.    INTRODUCTION

Plaintiff initiated the present action, on July 31, 2025, against 73 anonymous online storefronts ("Defendants") using counterfeit versions of Plaintiff's federally registered EirBesr ("Plaintiff's Mark") to sell infringing wallets. Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products using counterfeit versions of the Plaintiff Marks in the same transaction, occurrence, or series of transactions or occurrences.

### II.    LEGAL STANDARD

The party advocating for joinder bears the initial burden of showing that joinder is proper under Rule 20(a)(2). See *In re Veluchamy*, 879 F.3d 808, 819 n.4 (7th Cir. 2018). Under Rule 20(a)(2), defendants may be joined in a single action if two requirements are satisfied: (1) the

claims against them are "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) there is a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2)(A)–(B).

"Courts generally find that claims against different defendants arose out of the same transaction or occurrence only if there is a 'logical relationship between the separate causes of action.'" *Estee Lauder Cosms. Ltd. v. The Partnerships*, 334 F.R.D. 182, 185 (N.D. Ill. 2020) (quoting *In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012)). To be part of the same transaction "requires shared, overlapping facts that give rise to each cause of action"—not just "distinct, albeit coincidentally identical, facts." *In re EMC Corp.*, 677 F.3d at 1359 (emphasis added). It is therefore not enough that two defendants are alleged to have committed the same type of violation in the same way. *See AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 998 (D.C. Cir. 2014). Joinder requires some closer factual connection among defendants indicating that the claims against them arose from the same (or at least overlapping) set of facts.

### III. ARGUMENT

**A. Joinder of These Defendants Appropriate Because the Claim Against Defendants Arises Out of the Same Transaction or Occurrence**

In determining whether the relief sought arises out of the same "transaction or occurrence" under Rule 20, courts apply a "case-by-case approach" based upon a flexible standard to permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. *See Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974); *see also Roadget Bus. Pte. v. The Individuals*, No. 24-cv-00607, *16 (N.D. Ill. Jul 09, 2024) (citing *UWM Stud. Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018)).

"The logical relationship test is satisfied if there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant." *Roadget Bus. Pte.*, No. 24-cv-00607, at *19 (citing *EMC*, 677 F.3d at 1358).

Here, the overlapping factual nexus among the 73 defendants is substantial:

1. **Same Platform and Sales Mechanism** – All defendants sell infringing goods on Amazon, using the same centralized listing, search, payment, and fulfillment infrastructure. *See* Exhibit 1-10.

2. **Identical Product Design** – The infringing wallets are identical in design, with the same stitching patterns, closure style, strap, and decorative button, differing only in color variations. The product images are taken from the same photographic angle, indicating they originate from the same source of product photography and marketing materials. *See* Exhibit 1-10.

3. **Uniform Misuse of Plaintiff's Mark** – All defendants incorporate Plaintiff's registered EirBesr mark into their product titles, leveraging Plaintiff's goodwill to attract consumers. *See* Exhibit 1-10.

4. **Same Manufacturer** – Amazon listing details confirm that each defendant identifies the same manufacturer, 广州瑞兴有限公司 (Guangzhou Ruixing Co., Ltd.), as the source of their wallets. This fact provides direct evidence of a common supply chain and coordinated distribution. *See* Exhibit 1-10.

The uniformity of the product offerings, the identical mark usage, and the shared sales platform strongly indicate coordination, such as use of common suppliers, design templates, or marketing playbooks, rather than mere parallel conduct. These commonalities point to overlapping sources of supply, manufacturing, or account management. These shared factual threads establish

a logical relationship between Defendants' activities. The claims do not rest on isolated acts of infringement by unrelated sellers; rather, they arise from a cohesive pattern of conduct operating within the same marketplace, using the same infringing mark, to sell indistinguishable goods to the same customer base. This is precisely the type of factual overlap that satisfies Rule 20(a)(2)(A).

**B. Joinder is Appropriate Because Common Questions of Law and Fact Will Arise as to All Defendants in this Action**

Rule 20(a) does not require that every question of law or fact in the action be common among the parties; only some questions of law and fact raised by the dispute be common. *See* Fed. R. Civ. P. 20(a); see also *Mosley*, 497 F.2d at 1332. In assessing whether the requirements of Rule 20(a)(2) are met, courts must accept the factual allegations in plaintiff's complaint as true." *Estée Lauder*, 334 F.R.D. at 185 (quoting *Desai v. ADT Sec. Servs., Inc.*, No. 11-cv-1925, 2011 U.S. Dist. LEXIS 77457, at *3 (N.D. Ill. July 18, 2011)).

Here, Plaintiff has asserted causes of action against all Defendants for trademark infringement and counterfeiting [Dkt. 1] at ¶¶ 47-56, False Designation of Origin [Dkt. 1] at ¶¶ 57-61, and Violation of the Illinois Uniform Deceptive Trade Practices Act [Dkt. 1] at ¶¶ 62-65. These causes of action arise out of the same facts that apply to all Defendants. Specifically, each Defendant is accused of unlawfully selling infringing products which bearing Plaintiff's Mark through unauthorized channels, resulting in the same core of legal and factual questions: whether Defendants' actions constitution infringement, whether they acted willfully, and what damages or remedies should be awarded under 15 U.S.C. § 1114 and §1125(a) against each and every Defendant. These common legal issues, combined with the shared facts surrounding Defendants' concurrent distribution of infringing products, form the basis for joinder in this case.

## IV. CONCLUSION

The pattern of coordinated infringement and common request for relief demonstrates a logical relationship between Defendants' actions and Plaintiff's claims and supports a finding of permissive joinder under Rule 20(a)(2) in this case. For these reasons, Plaintiff respectfully submits that joinder of the Defendants is appropriate at this stage of the case.

Dated: August 6, 2025

Respectfully submitted,

/s/Zhiwei Hua
1360 Valley Vista Dr, Suite 140,
Diamond Bar CA 91765
Bar No. 6099105
huazhiwei@concordsage.com
Phone: (216)3923236

ATTORNEY FOR PLAINTIFF